CASE No. 797.

EARLE v. CURETON.

A judgment for costs entered against one who was a surety for the costs of the action, without any proceedings against the surety to charge him upon his obligation, is wholly void.

Before ALDRICH, J., Greenville, July, 1879.

Action by William E. Earle against P. D. Cureton, to recover possession of a tract of land purchased at sheriff's sale, under judgment entered in the case of *Detheridge* v. *Earle*, for costs taxed against Detheridge, for which Cureton was surety. It did not appear that there was any summons, rule or notice served upon Cureton that such judgment would be taken. The Circuit judge charged the jury that so long as the judgment and execution remained of force, the sheriff had authority to sell; that the judgment is presumed to be right and regular until set aside by a court of competent jurisdiction. Defendant excepted. Verdict for plaintiff. Defendant appealed.

*Mr. E. F. Stokes,* for appellant.

*Mr. J. S. Cothran,* for respondent.

January 8th, 1880. The opinion of the court was delivered by · . ! ◦ v!. ·

WILLARD, C. J. Detheridge sued Earle on a promissory note, and being a non-resident, Cureton became his surety for costs. A judgment was entered up against both Detheridge and Cureton, his surety, and execution issued thereunder. Under this execution the lands in suit belonging to Cureton were sold and purchased by Earle, who took a sheriff's deed therefor. Earle, as the purchaser of the land, now sues for its possession, and exhibits the judgment against Detheridge and Cureton and the execution and sheriff's deed thereunder. The judgment record shows that the only position that Cureton occupied in relation to the action in which such judgment was recovered, was that of surety for costs of the plaintiff. It does not appear that Cureton has been summoned to answer or show cause why he should not be charged on his obligation as surety, and has had an opportunity to defend the same. On the contrary it excludes the idea of any regular proceeding to charge Cureton. Under such circumstances the judgment is wholly void, and cannot afford any ground for the title which Earle makes to the land in suit.

The obligation of Cureton in this case did not waive the right of defence or furnish any authority for taking a judgment against him without a regular proceeding to charge him thereunder. The judgment of the court reversing the judgment below, has already been entered.

MCIVER, A. J., concurred.